UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-03320-SSS-AJRx | Date | September 3, 2026 |
| Title | *Ida Lee v. Appearanz Inc., et al.* | | |

| | |
|---|---|
| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Irene Vazquez | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER STRIKING MOTION TO REMAND TO STATE COURT [DKT. NO. 15]**

Before the Court is Defendant Rami Kayyali's Motion to Remand to State Court. [Dkt. No. 15, Mot.].

Local Rule 7-3 demands that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. R. 7-3. "The conference must take place in person, by telephone, or via video conference at least 7 days prior to the filing of the motion." *Id.* If the parties cannot reach a resolution, counsel for the moving party must include a statement in the notice of motion articulating that the parties met and conferred on a certain date. *Id.*

Further, the Court's Civil Standing Order requires that statement to include the "(1) the names of the counselor's present at the conference, (2) when the conference was held, (3) how long the conference lasted, (4) the manner in which the conference was held, (5) what issues were discussed, and (6) what issues the parties were unable to resolve. The parties are further advised that email correspondence alone is insufficient to satisfy this requirement." [Dkt. No. 11 at 12].

Appearanz failed to comply with the meet-and-confer requirements under Local Rule 7-3 and the Civil Standing Order. First, it is unclear whether the telephonic conferences occurred at least seven days before the motion was filed. Second, Appearanz did not provide a statement providing the details of their telephonic conference as required under the Civil Standing Order.

Accordingly, the Motion to Remand is **STRICKEN**. The hearing on October 9, 2026 is **VACATED**.[1]

**IT IS SO ORDERED.**

[1] Despite these deficiencies, it is unclear what legal authority supports Appearanz's motion to remand as this case was originally filed in federal court, not state court.